IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

GRUPO ALIMENTARIA, LLC

Plaintiff,

v.

CONAGRA FOODS, INC., ABC CORPORATION, XYZ INSURANCE COMPANY AND JOHN DOE,

Defendants.

CIVIL NO. 15-2302 (GAG)

**OPINION AND ORDER**

Grupo Alimentaria, LLC ("Plaintiff" or "Alimentaria"), a limited liability corporation organized under the laws of the Commonwealth of Puerto Rico, filed a complaint alleging breach of a sales representative contract between itself and Conagra Foods, Inc. ("Conagra"), a foreign corporation organized under the laws of the state of Nebraska, ABC Corporation, XYZ Insurance Company, and John Doe (collectively, "Defendants"). (Docket No. 11 ¶ 1.) Plaintiff's cause of action, based on diversity jurisdiction, arises under the Puerto Rico Sales Representative Act, ("Law 21"), P.R. LAWS ANN. tit. 10, §§ 279-279h. Id. ¶¶ 1; 3. The complaint claims $200,000 in damages, pursuant to Law 21 and Article 1802 of the Puerto Rico Civil Code, P.R. LAWS ANN. tit. 31, § 5141, as compensation for: (1) termination of a commercial agreement without "just cause;" (2) tortious acts, and (3) breach of duty of good faith and fair dealing. Id. ¶¶ 42; 62; 67.

Before the Court is Defendants' Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction premised on Plaintiff's failure to meet the $75,000 requisite amount-in-controversy for federal diversity jurisdiction, 28 U.S.C. § 1332 (2). (Docket No. 14.) Plaintiff

**Civil No. 15-2302 (GAG)**

opposed. (Docket No. 16.) After reviewing the parties' submissions and the pertinent law, the Court **GRANTS** Defendants' motion to dismiss. (Docket No. 14.)

## I. Standard of Review

FED. R. CIV. P. 12(b)(1) is the proper vehicle for challenging a court's subject matter jurisdiction. Valentín v. Hospital Bella Vista, 254 F.3d 358, 362–63 (1st Cir. 2001). As relevant here, Rule 12(b)(1) is appropriate for analyzing 28 U.S.C. § 1332(a)'s amount-in-controversy requirement. Soprema, Inc. v. Workers Corp., 485 F. Supp. 2d 1, 3 (D.P.R. 2007). When faced with a jurisdictional challenge, courts must "[g]ive weight to the well-pleaded factual averments in the operative pleadings . . . and indulge every reasonable inference in the pleader's favor." Aguilar v. U.S. Immigration and Customs Enforcement Div. of Dep't. of Homeland Sec., 510 F.3d 1, 8 (1st Cir. 2007). When subject matter jurisdiction is challenged, however, the party asserting jurisdiction has the burden of proving it by a preponderance of the evidence. Industria de Refrigeración Comercial Indufrial, S.A. v. Gutierrez-Guzmán, 947 F. Supp. 2d 180, 181 (D. P.R. 2013) (citing Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 50 (1st Cir. 1992)).

## II. Relevant Facts and Procedural Background

On May 5, 2012, Plaintiff entered into a contractual relationship with Ralcrop Holding Company ("Ralcrop"), Conagra's predecessor. (Docket No. 11 ¶¶ 17; 19.) Their business entailed supplying and manufacturing label food products for companies in the Island; Plaintiff was Ralcrop's exclusive sale representative in Puerto Rico for certain products. Id. ¶¶ 18; 22. Conagra acquired Ralcrop, its assets, and liabilities at the beginning of 2013, a transaction that included Alimentaria's contract with Ralcrop. Id. ¶ 22. Throughout 2014, Plaintiff maintained its business relationship with Conagra. Id. ¶¶ 25-33. They discussed potential product portfolio expansion on several occasions and Plaintiff even obtained Supermercados Selectos' business for

**Civil No. 15-2302 (GAG)**

one of Conagra's private labels. (Docket No. 11 ¶ 23.) Specifically during 2014, Plaintiff: (1) reached sales of $83,164; (2) it had a label art order in developing stages, and (3) it had projected annual sales for Selectos, at $2,226,083 and a five years growth of $14,387,740. Id. ¶ 26. Plaintiff puts forward that, according to the representation agreement between the parties, it had been reimbursed part of the costs in development of art and marketing activities spent for clients on their behalf. Id. ¶ 27. Similarly, Plaintiff highlights that Conagra (and Ralcrop previously) had consistently received a three percent (3%) commission of all net sales to their clients. Id.

Conagra notified Alimentaria's President and sole shareholder, Mr. Manuel Marrero Pujols, about its intentions to terminate their business relationship on several separate meetings; yet the final written notice of termination did not arrived until April 2015. Id. ¶¶ 29-34. Before the final notice, Alimentaria made a "good faith proposal," which Conagra countered with several other offers, yet no agreement was reached. Id. ¶¶ 32-33.

As a final threshold manner, Plaintiff points out two specific actions taken by Defendants that have and/or will result in damages. First, Conagra had acquired in good faith Alimentaria's client list during the course of their contractual relationship and Plaintiff holds that this could hamper its marketing plans to develop these clients' sales of products. Id. ¶¶ 35-36. On the other hand, an order for one of Alimentaria's clients, Selectos, was placed before the business relationship termination, yet delivered several months late and the product design had never been approved by the client. Id. ¶ 39. Plaintiff asserts these actions were an "intentional act designed to cause further detriment to an already strained relationship." Id. On September 18, 2015, Plaintiff filed the instant action, (Docket No. 1), which was amended on January 8, 2016. (Docket. No. 11.)

### III. Discussion

The federal plaintiff carries the burden to establish that the minimum amount in controversy has been met. Abdel–Aleem v. OPK Biotech, LLC, 665 F.3d 38, 41 (1st Cir. 2012). In this regard:

> The sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a *legal certainty* that the claim is really for less than the jurisdictional amount to justify dismissal. Good faith is measured objectively; [t]he question is . . . whether to anyone familiar with the applicable law this claim could objectively have been viewed as worth more than the jurisdictional minimum.
> A plaintiff's general allegation of damages that meet the amount requirement suffices unless *questioned* by the opposing party or the court. However, once the opposing party has questioned the amount, the party seeking to invoke jurisdiction has the burden of alleging with *sufficient particularity facts* indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount. This burden may be met by amending pleadings or submitting affidavits.

Id. at 41-42 (emphasis added) (internal citations and quotation marks omitted).

In the case at bar, Plaintiff pleaded the requisite amount-in-controversy. Defendants contest whether its cause of action meets 28 U.S.C. § 1332(a)'s required jurisdictional amount of $75,000, be it under Law 21 or the derivative damages claim for breach of contract under the Puerto Rico Civil Code. Defendants base their claim on two general grounds: (1) Plaintiff only earned $2,494.92 in commissions over the life of their commercial relationship (from 2012 to 2014), pursuant to a three percent (3%) agreed commission, and (2) Plaintiff's claim for breach of contract under the Puerto Rico Civil Code are duplicative and derivative of its Law 21 claim. (Docket No. 14 at 2.)

Law 21 is modeled after the Puerto Rico Dealers Act, Puerto Rico Law 75 of June 24, 1964 ("Law 75"), which provides similar protections to distributors. IOM Corp. v. Brown Forman Corp., 627 F.3d 440, 445 (1st Cir. 2010) (internal citations and quotation marks omitted). In enacting Law 21, the Legislature's intent was "to protect sales representatives and

other local agents who fell short of the requirements for 'dealership' status under Law 75." Id. (quoting Re–Ace, Inc. v. Wheeled Coach Inds., Inc., 363 F.3d 51, 57 (1st Cir. 2004)).

Presuming a termination without "just cause," the amount compensated shall take into account a series of general factors: (1) the actual value of all investments and expenses incurred by the sales representative in the performance of his duties; (2) the good will of the business, and finally (3), the amount of the benefits obtained from the representation of the merchandise or in the rendering of services, as the case may be, during the last five years, or if less than five, five times the average of the annual benefits obtained during the last years, whichever they are. See P.R. LAWS ANN. tit. 10 § 279c(a)(b)(c). Alternatively, if a Plaintiff cannot prove "just cause" under these factors it could ask the Court for compensation, which shall not be greater than five percent (5%) of the total sales volume of the product or services for the years in which the representation took place. See id. § 279d.

The Court now turns to Defendants' contention as to the amount-in-controversy and Plaintiff's response to the same being the party that bears the burden to specify how the amount-in-controversy exceeds $75,000. See Abdel–Aleem, 665 F.3d at 41-42. Defendants' initial argument arises from Law 21's above-mentioned compensation guidelines for damages after termination of a sales representation contract without "just cause." They argue that Plaintiff failed to plead facts as to the amount in investments and expenses incurred in the performance of its duties and thus cannot otherwise recoup. (Docket No. 14 at 4-6.) Moreover, Defendants claim that Plaintiff admitted that a portion of its expenses have already been reimbursed. Id. at 6. Thus, it has failed to meet the first factor of section 279(c). When addressing the third factor, the so-called five year benefits clause, Defendants argue that since the business relationship lasted only two years — from 2012 to 2014 — the application of the guideline would yield an amount

of $6,237.30.[1]  (Docket No. 14 at 5.)  They put forward that this amount indeed fails to meet the jurisdictional minimum.  As for the second factor, Defendants allege that Plaintiff did not specifically plead any amount in goodwill.  Id. at 6.  Plaintiff's lack of a specific pleaded amount would require Defendants, and this Court, to attribute "goodwill" to the gap between the proposed amount ($6,237.30) and that required by federals statute for jurisdiction ($75,000).  Id.  Defendants likewise contend that Plaintiff does not meet the alternate damages provision of section 279(d) because a five percent (5%) of $83,164 equals $4,158.20; an amount that also fails to meet the required minimum.  Id. at 6-7.  As a whole, Defendants advise this Court to disregard Plaintiff's sales projections because Law 21's damages provision requires looking to past "benefits" and "past" sales.  Id.  Finally, Defendants argue against Plaintiff's torts claims under the Puerto Rico Civil Code because they are duplicative and derivative sums of the Law 21 claim and the proposed sum of $200,000 has no factual averment in support thereof.  Id. at 7-8.

Plaintiff opposes these contentions alleging that it has met all factors set forth in section 279(c) and (d) of Law 21.  (Docket No. 16 at 2.)  It generally contends that Defendants' arguments are based on several self-serving mathematical calculations.  Id. at 4.  Furthermore, Plaintiff argues that its request for damages in an amount exceeding $200,000 arises from the sum of all three factors set forth in section 279(c), including the value of its investment in contract, the good will of the business, and Defendant's acquisition of its private list of clients.  Id. at 5-6.  As for section 279(d), Plaintiff argues that this provision permits damages in addition to anything granted under section 279(c).  Id. at 6.  Moreover, it alleges that it is improper at this stage of the litigation, under a pending motion to dismiss, to review evidence in support of or in contravention to the amount of damages presented.  (Docket No. 16 at 6.)  Plaintiff also posits

---

[1] The computation, according to Defendants, would be the following: $2,494.92 (2014 commissions) divided between 2 (years of the relationship) equals $1,247.46; and $1,247.46 times 5 equals $6,237.30. (Docket No. 14 at 5.)

6

**Civil No. 15-2302 (GAG)**

that for contractual damages pursuant to the Puerto Rico Civil Code's general torts statute does not limit in any way the damages available in a civil action for breach of contract. Id. at 4. Consequently, the amount pleaded must be regarded as reasonable and made in good faith. Id.

Defendants reply to Plaintiff's opposition arguing that: (1) the Puerto Rico law tort claim does not meet the jurisdictional amount requirement, and even in the absence of Law 21, the business relationship was terminable at will because there was no fixed term of duration; (2) there is no factual evidence that Plaintiff has been harmed through Defendants' actual use of the purported client list, and (3) Plaintiff cannot recoup damages under Law 21 because it still fails to meet the jurisdictional amount requirement and has also failed to adequately interpret the plain language of section 279(d). (Docket No. 19.)

Sections 279(c) and (d) of Law 21 have yet to be interpreted by the Puerto Rico Supreme Court. Absent guiding precedent, this Court's "interpretive task begins with the statute's text." United States v. Godin, 534 F.3d 51, 56 (1st Cir. 2008). The Court must examine the "plain meaning of the words," Id., both in the "specific context in which that language is used, and the broader context of the statute as a whole," Yates v. United States, 135 S.Ct. 1074, 1082 (2015). "If the meaning of the text is unambiguous [the] task ends there," Godin, 534 F.3d at 56, and the Court will then proceed to "enforce [the statute] according to its terms" so long as the result "required by the text is not absurd." In re Rudler, 576 F.3d 37, 44 (1st Cir. 2009) (internal quotation marks omitted). The textual meaning of these sections from Law 21 is undoubtedly unambiguous and needs no further interpretation. When deciding the amount compensated for a presumed contract termination without "just cause," the Court can consider a series of *precise* factors: (1) the actual value of all investments and expenses; (2) the good will of the business, and (3) the amount of the benefits obtained during the last five years, or if less than five, five

7

**Civil No. 15-2302 (GAG)**

times the average of the annual benefits during the course of the contractual relationship.  See P.R. LAWS ANN. tit. 10, § 279c(a)(b)(c).  If a Plaintiff cannot prove "just cause" under these factors it could petition the Court for an *alternate* compensation, which shall not be greater than five percent (5%) of the total sales volume.  See Id. § 279d.

Following the applicable law, this Court holds that Plaintiff has completely failed to show with *sufficient particularity facts* that it is not a *legal certainty* that the claim involves less than the jurisdictional amount of $75,000.  See Abdel–Aleem, 665 F.3d at 41-42.  Plaintiff admits that during 2014, it achieved a total of $83,164 in sales.[2]  (Docket No. 11 ¶ 16.)  According to the business agreement, Plaintiff was only entitled to a three percent (3%) commission, which following the total profits from sales in 2014, amounts to $2,494.92.  (Docket No. 14 at 5.)  This sum does not meet the jurisdictional amount requirement.  What is more, even if the Court were to apply Law 21's favorable compensation guidelines for damages, Plaintiff once again does not come close to reaching the required amount.  In this regard, Defendants' mathematical calculations are accurate.  Id. at 4-6.

As for the alleged private client list, the Plaintiff's submissions are devoid of evidence to support its actual value.  Additionally, the Court agrees with Defendants and disregards any calculation based on future projections of sales.  See P.R. LAWS ANN. tit. 10 §§ 279c(a)(b)(c) & 279(d) (using the past tense when referring to the value of sales and benefits).  Finally, Plaintiff's damages claim under Article 1802 of the Puerto Rico Civil Code is duplicative and derivative of Plaintiff's Law 21 claim; hence, does not meet the federal jurisdictional amount requirement.

As a whole, this does not mean that Plaintiff failed to prove that it suffered damages; it simply means that it has no claim for damages remotely approaching $75,000.  See Esquilín-

---

[2] During their two-year business relationship, 2014 was the only year with profits from sales. (Docket No. 11 ¶ 16.)

**Civil No. 15-2302 (GAG)**

Mendoza v. Don King Prods., Inc., 638 F.3d 1, 6 (1st Cir. 2011); see also Torres v. Doctors Ctr. Hosp. Manat, No. 11-1479 (SEC), 2012 WL 1952833, at *5 (D.P.R. May 30, 2012).  In the end, Plaintiff's "good faith in choosing the federal forum is open to challenge . . . [and if] it is clear that his claim never could have amounted to the sum necessary to give jurisdiction, there is no injustice in dismissing the suit."  Coventry Sewage Associates v. Dworkin Realty Co., 71 F.3d 1, 4 (1st Cir. 1995).

**IV.    Conclusion**

The Court **GRANTS** Defendants' motion to dismiss at Docket No. 14 and **DISMISSES** Plaintiff's claims without prejudice for lack of subject-matter jurisdiction.  Plaintiff may pursue its claims in the Commonwealth of Puerto Rico's Court of First Instance.

**SO ORDERED.**

In San Juan, Puerto Rico this 28th day of September, 2016.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge